# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF EASTERN LOUISIANA

( United States District Court, Eastern District of Louisiana, 500 Poydras, Street, New Orleans, LA  70130                                        )

Ronald Satish Emrit,
    Plaintiff (Pro Se)

        C. A. No.:

v.

**23-00943**

Attorney Kara Pratt of Hillsboro, Texas,
    Texas Supreme Court,
    Texas Bar,
    Chief Disciplinary Counsel (CDC),
    Board of Disciplinary Appeals,
    Defendants

**SECT. I MAG. 2**

*******************************************************************

## COMPLAINT

COMES NOW, the plaintiff Ronald Satish Emrit, who is bringing forth this complaint against the five co-defendants alleging the invasion of privacy through false light as a dignitary tort similar to defamation in the form of libel and/or slander. In bringing forth this complaint, the plaintiff states, avers, and alleges the following:

### I.) NATURE OF THE CASE

___Fee pauper
___Process_____
_X_Dktd_____
___CtRmDep_____
___Doc.No._____

**TENDERED FOR FILING**

**MAR 1 4 2023**

**U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk**

1.) The plaintiff is seeking the equitable remedy of an injunction requiring that the defendants recognize that the plaintiff met Sheila Darlene Buckaloo of Blum, Texas only once at Arlington Memorial Hospital in Arlington, Texas (Texas Health Resources).

2.) Accordingly, the plaintiff wrote a four-page letter of character evidence which mentioned Sheila Darlene Buckaloo of Blum, Texas and this four-page letter is part of an amended complaint uploaded in PACER in Gainesville, Florida presided over by Magistrate Judge Gary Jones.

## II.) PARTIES TO THIS LITIGATION

3.) The plaintiff is an indigent, disabled, and unemployed resident of the state of Florida. His current mailing address is 6655 38th Lane East, Sarasota, FL 34243. His cell phone number is currently (703)936-3043 and his primary email address is einsteinrockstar2@outlook.com.

4.) The first defendant is Attorney Kara Pratt of Hillsboro, Texas. Because the plaintiff does not know the address of the first defendant, the plaintiff argues that the first defendant should be served through publication in a local newspaper in Cleburne, Texas or Fort Worth, Texas around Hill County, Texas.

5.) ) The second defendant is the Texas Bar. The address is the following: **Texas Law Center 1414 Colorado Street, Austin, Texas 78701 The Main phone number is** 512.427.1463 and the **Toll free Number is** 800.204.2222

6.) The third defendant is the Texas Supreme CourtSupreme Court of Texas Supreme Court Building. The address is 201 W. 14th Street, Room 104 Austin, Texas 78701. The Main Number is (512) 463-1312 The Fax Number is (512) 463-1365. The mailing address is Supreme Court of Texas, PO Box 12248, Austin, Texas 78711

7.) The fourth defendant is the Chief Disciplinary Counsel (CDC) in Austin, Texas in which the plaintiff communicated with Stephanie Lowe in 2019. The address is the following: **Texas Law Center 1414 Colorado Street, Austin, Texas 78701**

The **Main phone number is** 512.427.1463 and the **Toll free Number is** 800.204.2222

8.) The fifth defendant is the Board of Disciplinary Appeals (BODA) of Austin, Texas. P.O. Box 12426 Austin Texas 78711. The telephone number is 512 427-1578 Fax 512 427-4130. The email addresses are the following: filing@txboda.org   and info@txboda.org and appeal@txboda.org

### III.) JURISDICTION AND VENUE

9.) According to Federal Rules of Civil Procedure 8(a)(1), Plaintiff is required to provide "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;"

10.) Because the court does not already have personal or subject matter jurisdiction over this issue, it is necessary to engage in a brief discussion of the court's jurisdiction so that the defendants can not move to dismiss this case based on procedural grounds involving a lack of proper jurisdiction.

11.) Pursuant to 28 U.S.C.A. Section 1332, the U.S. District Court for the District of Eastern Louisiana (as an Article III court) has jurisdiction over this matter because there is complete diversity of jurisdiction between the Plaintiff and the five defendants given that the plaintiff lives in Sarasota, Florida and no longer in Fort Worth, Texas.

12.) As an Article III court, the U.S. District Court for the District of Eastern Louisiana also has subject matter jurisdiction over the present case at bar because this proceeding involves a discussion of Title VII of the Civil Rights Act of 1964, Americans with Disabilities Act of 1990, Equal Protection Clause, Due Process Clause, Fourth Amendment, and Privileges and Immunities Clause.

13.) Therefore, a federal question is presented by the implication of the black-letter law of the aforementioned federal statutes in addition to the discussion of Constitutional Law provisions.

14.) Venue in this jurisdiction is also proper pursuant to 28 U.S.C.A. Sections 1391

and 1400.

15.) Although the amount in controversy does not exceed $75,000 (i.e. $0 is less than $75.000), this court has jurisdiction on the grounds of diversity and a federal question presented.

### IV.) STATEMENT OF FACTS

16.) The plaintiff met Sheila Darlene Buckaloo at some point in time during 2018 at Arlington Memorial Hospital d/b/a Texas Health Resources in Arlington, Texas.

17.) The plaintiff met Sheila Darlene Buckaloo only once for a period of about one week during which point in time the plaintiff met Sheila Buckaloo's mother who visited her in the hospital.

18.) Because the plaintiff felt sorry for Sheila Darlene Buckaloo, the plaintiff decided to write a four-page letter of character evidence on her behalf in which Sheila Darlene Buckaloo's name is mentioned along with Ariel Joy Bell, Erika Viltz, and Torry/Allegra from Seattle.

19.) The four-page letter of character evidence has now been uploaded in PACER and stamped by Eleventh Circuit in Atlanta, Georgia as part of an amended complaint in litigation against Federal Bureau of Investigation (FBI) presided over by Magistrate Judge Gary Jones of Gainesville, Florida.

20.) The plaintiff learned from Sheila Darlene Buckaloo on Facebook that attorney Kara Pratt was showing pictures of the plaintiff in a courtroom in Hill County, Texas although this is hearsay as an "out-of-court statement asserted for the truth of the matter."

21.) The plaintiff filed a formal complaint in the office of Texas Bar Chief Disciplinary Counsel in 2019 and filed an appeal with the Texas Board of Disciplinary Appeals (BODA) after learning that BODA declined to investigate this matter any further.

### V.) COUNT ONE: INVASION OF PRIVACY THROUGH FALSE LIGHT

22.) By showing pictures of the plaintiff in a courtroom in Hill County or Johnson County Texas, the plaintiff argues that the first defendant committed the tortious invasion of privacy through false light as a dignitary tort.

23.) More specifically, the plaintiff believes that the first defendant attorney Kara Pratt invaded the plaintiff's privacy through false light by insinuating that he is somehow the significant other of Sheila Darlene Buckaloo who knew her for longer than a week.

## VI.) COUNT TWO: DEFAMATION (SLANDER)

24.) By showing pictures of the plaintiff in a courtroom in Hill County or Johnson County Texas, the plaintiff argues that the first defendant committed libel and slander as a dignitary tort.

25.) More specifically, the plaintiff believes that the first defendant attorney Kara Pratt invaded the plaintiff's privacy through false light and also committed defamation as libel and slander by insinuating that he is somehow the significant other of Sheila Darlene Buckaloo who knew her for longer than a week.

## VII.) COUNT THREE: NEGLIGENCE

26.) By showing pictures of the plaintiff in a courtroom in Hill County or Johnson County Texas, the plaintiff argues that the first defendant committed negligence by breaching her duty of candor to the tribunal and anybody she mentions in the courtroom.

27.) More specifically, the plaintiff believes that the first defendant attorney Kara Pratt committed negligence by insinuating that he is somehow the significant other of Sheila Darlene Buckaloo who knew her for longer than a week.

## VIII.) COUNT FOUR: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED)

28.) By showing pictures of the plaintiff in a courtroom in Hill County or Johnson County Texas, the plaintiff argues that the first defendant committed the intentional infliction of emotional distress (IIED).

29.) More specifically, the plaintiff argues that it is extreme, outrageous, and egregious conduct of attorney Kara Pratt to imply or insinuate that the plaintiff is somehow the significant other of Sheila Darlene Buckaloo who knew her for longer than a week.

## IX.) VIOLATION OF EQUAL PROTECTION CLAUSE

30.) By showing pictures of the plaintiff in a courtroom in Hill County or Johnson County Texas, the plaintiff argues that the first defendant committed a violation of the Equal Protection Clause of the Fifth and Fourteenth Amendments to the U.S. Constitution.

31.) As a suspect classification of discrete and insular minorities which have experienced invidious discrimination, the plaintiff argues that he is entitled to strict scrutiny protection as it relates to federal, state, and local laws protecting the Civil Rights of African-Americans such as the Emmett Till Anti-Lynching Act, Matthew Shepard and James Byrd Hate Crimes Prevention Act, or George Floyd Policing Act.

## X.) VIOLATION OF DUE PROCESS CLAUSE

32.) By showing pictures of the plaintiff in a courtroom in Hill County or Johnson County Texas, the plaintiff argues that the first defendant committed a violation of the Due Process Clause of the Fifth and Fourteenth Amendments to the U.S. Constitution.

33.) As a suspect classification of discrete and insular minorities which have experienced invidious discrimination, the plaintiff argues that he is entitled to strict scrutiny protection as it relates to federal, state, and local laws protecting the Civil Rights of African-Americans such as the Emmett Till Anti-Lynching Act, Matthew Shepard and James Byrd Hate Crimes Prevention Act, or George Floyd Policing Act in terms of his procedural and substantive due process rights.

## XI.) VIOLATION OF PRIVILEGES AND IMMUNITIES CLAUSE

34.) By showing pictures of the plaintiff in a courtroom in Hill County or Johnson County Texas, the plaintiff argues that the first defendant committed a violation of the Privileges ad Immunities Clause or the Comity Clause of Article IV, Section 2, Clause 1.

35.) As a suspect classification of discrete and insular minorities which have experienced invidious discrimination, the plaintiff argues that he is entitled to strict scrutiny protection as it relates to federal, state, and local laws protecting the Civil Rights of African-Americans such as the Emmett Till Anti-Lynching Act, Matthew Shepard and James Byrd Hate Crimes Prevention Act, or George Floyd Policing Act as it relates to his privileges and immunities to be a free black man in America without being racially-profiled or lynched.

## XII.) VIOLATION OF AMERICANS WITH DISABILITIES ACT OF 1990 (ADA)

36.) By showing pictures of the plaintiff in a courtroom in Hill County or Johnson County Texas, the plaintiff argues that the first defendant committed a violation of the Americans with Disabilities Act of 1990 (ADA) enacted by George H.W. Bush.

37.) The plaintiff argues that the first defendant had constructive notice in that she either knew or should have known that the plaintiff was disabled with bipolar disorder because he met Sheila Darlene Buckaloo at the very same hospital where she was being treated for depression or mental illness.

## XIII.) VIOLATION OF TITLE VII OF CIVIL RIGHTS ACT OF 1964

38.) By showing pictures of the plaintiff in a courtroom in Hill County or Johnson County Texas, the plaintiff argues that the first defendant committed a violation of Title VII of Civil Rights Act of 1964.

39.) As a suspect classification of discrete and insular minorities which have experienced invidious discrimination, the plaintiff argues that he is entitled to strict scrutiny protection as it relates to federal, state, and local laws protecting the Civil Rights of African-Americans such as the Emmett Till Anti-Lynching Act, Matthew Shepard and James Byrd Hate Crimes Prevention Act, or George Floyd Policing Act.

40.) In this case, the plaintiff argues that he should be entitled to a higher level of protection under Title VII of Civil Rights Act of 1964.

### XIV.) PRAYER FOR RELIEF

WHEREFORE, the plaintiff is seeking th equitable remedy of an injunction requesting that the defendants be required to recognize that he met Sheila Darlene Buckaloo only once at Arlington Memorial Hospital in Arlington, Texas. Furthermore, the defendants have violated the Equal Protection Clause and Due Process Clause of the Fifth and Fourteenth Amendments to the U.S Constitution in addition to having violated the Privileges and Immunities Clause of Article IV, Section 2, Clause 1 of the U.S. Constitution. In asserting this "prayer for relief," the plaintiff states, avers, and alleges the following:

A.) The plaintiff is not seeking punitive, compensatory, treble, actual, presumed, and special damages for the defendants' commission of the tort of negligence in addition to a violation of the following "black-letter law" provisions of federal law: 42 U.S.C. Section 1983, Title VII of the Civil Rights Act of 1964, and the Americans with Disabilities Act of 1990 (ADA).

B.) The remedy at law in the form of an injunction as an equitable remedy or a declaratory judgment according to Rule 57 of Federal Rules of Civil Procedure (FRCP) would be considered appropriate given that it has been proved that the defendants have violated the plaintiff's rights with regards to the Equal Protection Clause and Due Process Clause (inherent from the Fifth and Fourteenth Amendments) and the Privileges and Immunities Clause (of Article IV, Section 2, Clause 1).

C.) More specifically, the plaintiff is also requesting the equitable remedy of an injunction given that the defendant Attorney Kara Pratt was showing pictures of the plaintiff in a courtroom in Hill County, Texas regarding a case involving Sheila Darlene Buckaloo

D.) To reiterate, the plaintiff is seeking a preliminary injunction pursuant to Rule 65 of Federal Rules of Civil Procedure (FRCP) such that all five defendants are required to understand that the plaintiff met Sheila Darlene Buckaloo of Blum, Texas only once at Arlington Memorial Hospital in Arlington, Texas (Texas Health Resources).

Respectfully submitted,

_(signature)_

Ronald Satish Emrit

6655 38th Lane East

Sarasota, Florida 34243

(703)936-3043

einsteinrockstar@hotmail.com

einsteinrockstar2@outlook.com

Satish Emmit
655 38th Lane East
Sarasota, Florida 34243

Attn: Clerk of the Court
United States District Court of
Eastern Louisiana
500 Poydras Street
New Orleans, LA 70130







Case 6:23-cv-00201-ADA-DNM    Document 1    Filed 03/14/23    Page 12 of 12